# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:22-cv-2268 |
| Plaintiff, | |
| | JUDGE |
| v. | |
| | |
| MADAN'S PROPERTIES, LLC | **COMPLAINT FOR** |
| c/o Statutory Agent Brenda A. Ray | **FORECLOSURE** |
| 6591 W. Central Avenue, Suite 204 | |
| Toledo, OH 43617 | |
| | |
| and | |
| | |
| LINDA TEMPLETON | |
| 1454 Turnbury Lane | |
| Perrysburg, Ohio 43551 | |
| | |
| Defendants. | |

Now comes Plaintiff, United States of America, by and through its undersigned counsel, and, complaining of Madan's Properties, LLC and alleges as follows.

## PARTIES

1. Plaintiff is the United States of America ("United States"), which, on August 8, 2001, intervened in <u>United States ex rel. Linda Templeton v. Ravi Madan</u>, et al., 3:05-cv-7422 (N.D. Ohio Nov. 4, 2005) (hereinafter "Civil Action").[1]

---

[1] Linda Templeton was the qui tam Plaintiff in a previous Civil Action. Due to this Federal Foreclosure, she is now the named Defendant in this action (hereafter "Defendant" Templeton).

2. Dr. Ravi Madan was a defendant in the Civil Action and died during the pendency of litigation.

3. Defendant Madan's Properties, LLC (Entity #1665445, hereinafter "Madan's Properties") is a domestic limited liability company registered with the State of Ohio since December 11, 2006.

4. Neeru Madan is the sole/managing member of Madan's Properties, LLC.

## JURISDICTION

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345 in that the Plaintiff is the United States of America.

6. Venue is proper since the real property subject to the foreclosure action is located within the Northern District of Ohio, Western Division.

## BACKGROUND

7. On November 4, 2005, Defendant Linda Templeton, in her capacity as relator, filed the Civil Action pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b). The United States intervened, in part, on August 8, 2011, and filed a corresponding complaint on May 4, 2012.

8. On November 25, 2015, this Court entered judgment in the Civil Action against Hope Cancer Center and Neeru Madan. (Doc. 118.) On December 22, 2016, this Court issued a corrected judgment to clarify that the judgment was entered against Hope Cancer Center and the Estate of Ravi Madan (through his estate representative Neeru Madan), jointly and severally. (Doc. 147.)

9. On approximately March 8, 2018, to resolve the Civil Action, the United States and Templeton entered into a post-judgment settlement agreement and addendum (hereinafter

"Settlement Agreement"), attached as Exhibit (1), with Defendant Madan's Properties, Neeru Madan, and related entities.

10. Pursuant to the Settlement Agreement, (see Exhibit (1), Terms and Conditions), Defendant Madan's Properties, Neeru Madan, and related entities were to pay the United States the sum of $350,000.00 (hereinafter the "Settlement Amount") according to the following schedule:

    a. $35,000.00 within 30 days of the effective date of the Settlement Agreement.
    b. $35,000.00 by December 31, 2018.
    c. $280,000.00 by December 31, 2019.

11. On approximately March 8, 2018, in conjunction with the Settlement Agreement, Neeru Madan, on behalf of Madan's Properties, executed a cognovit note ("Note"), attached as Exhibit (2), to the United States for the Settlement Amount. The Note provided for the same schedule of payments as in the Settlement Agreement, noted above.

12. On March 8, 2018, Madan's Properties secured the Note with a mortgage (hereinafter "the Mortgage," attached as Exhibit (3)) that was validly executed in connection with the execution of the Note, on the real property located at 3325-3333 W. Elm Street, Lima, Ohio 45807, also described as SE ¼ Section 33, T3S, R6E, American Township, Allen County, Ohio ("the Property"). The Mortgage, dated March 8, 2018, was filed for record on March 13, 2018, and recorded in OR book 2018, Page 2598, in the amount of $350,000.00.

13. According to the Note, Madan's Properties also agreed to pay a late charge of 5% on any late payment of 10 days or more and interest of 1.73% per annum during any period of default. (Exhibit (2), Default and Acceleration.)

14. Madan's Properties made the first two scheduled payments but failed to make the third installment of $280,000.00.

15. In response to this default, on approximately May 19, 2020, the United States and Defendant Madan's Properties agreed to the following payment schedule (hereinafter "Revised Payment Schedule"), which included total accrued interest of $4,238.50 and total late fees of $14,000.00:

   a. May 15, 2020:   $35,605.50 ($35,000.00 plus interest charge of 1.73%); and
   b. December 31, 2020:   $263,238.50 ($245,000 plus interest charge of 1.73% and late fee of $14,000.00).

(Exhibit (4).)

16. Madan's Properties paid the first installment of the Revised Payment Schedule in a timely manner but failed to make the second payment by the date indicated.

17. On or about June 15, 2021, in response to this second default, the United States and Madan's Properties agreed to a second revised payment schedule (hereinafter "Second Revised Payment Schedule"):

   a. June 30, 2021:   $107,113.44 ($105,000.00 plus additional interest charge of 1.73%); and
   b. October 31, 2021:   $177,293.18, consisting of:
      i. 159,054.68 ($140,000.00 in principal plus additional interest charge of 1.73%);
      ii. $14,000.00 in late fees on October 31, 2021; and
      iii. $4,238.50 in prior interest charges on October 31, 2021.

(Exhibit (5).)

18. The United States subsequently indicated it would not charge any interest beyond $4,238.50, leaving a total amount due of $263,238.50 consistent with the following schedule:

   a. June 30, 2021: $105,000.00; and
   b. October 31, 2021:   $158,238.50, consisting of:
      i. $140,000.00 principal;
      ii. $14,000.00 late fees; and
      iii. $4,238.50 in prior interest charges.

4

19. On July 13, 2021, Madan's Properties paid the first installment of $105,000.00.

20. Madan's Properties did not pay the final installment on October 31, 2021.

21. On January 11, 2022, Madan's Properties paid an additional $100,000.00, reducing its outstanding debt balance to $58,238.50.

22. On January 12, 2022, the United States requested that Madan's Properties pay its remaining balance by January 31, 2022. However, this did not occur.

23. The United States contacted counsel for Madan's Properties multiple times during the year 2022 to request payment.

24. On November 8, 2022, without having received any further payments since January 11, 2022, the United States contacted counsel for Madan's Properties indicating an intent to proceed with foreclosure to enforce the United States' mortgage and cognovit note. The United States requested a response by November 14, 2022.

25. On November 16, 2022, counsel for Madan's Properties indicated an ability to pay $35,000.00 within two weeks. The United States responded by indicating that the United States would give Madan's Properties until December 16, 2022 to make a full and final payment of its obligation to the United States.

26. On December 14, 2022, Madan's Properties paid an additional $35,000.00, reducing its outstanding balance to $23,238.50. However, counsel for Madan's Properties did not provide a date for final payment, indicting only that Neeru Madan, on behalf of Madan's Properties, believed Madan's Properties could make a final payment in January 2023.

27. Madan's Properties is over one year late according to the Second Revised Payment Schedule of June 15, 2021.

28. The Note allows for the payment schedule, in part or in full, to be extended at the option of the holder, the United States, without releasing or otherwise affecting liability on the Note. (Exhibit (2), page 2, par. 1.)

29. Madan has defaulted on the remaining balance of $23,238.50, as documented by Plaintiff United States' Statement of Account, attached as Exhibit (6).

30. The Note and Mortgage are in Default. Plaintiff has satisfied conditions precedent and declared the entire balance due and payable.

## COUNT I:   BREACH OF NOTE

31. Plaintiff incorporates herein by reference all of the previous allegations by reference herein.

32. Plaintiff seeks to enforce its security interest.

33. Plaintiff is due upon the Note $23,238.50.

34. Plaintiff is an entity entitled to enforce the Note.

## COUNT II:   FORECLOSURE

35. Plaintiff incorporates herein by reference all the previous allegations by reference herein.

36. The Mortgage is a valid and subsisting lien on the Property, subject only to any lien that may be held by the County Treasurer that has priority over the Mortgage as a matter of law.

37. The Mortgage was given to secure the Note.

38. Defendant Linda Templeton has or may claim a lien or interest in the hereinbefore described premises as set forth in the Preliminary Judicial Report attached hereto as Exhibit (7) .

39. Plaintiff is entitled to foreclose the Mortgage due to default. (See Exhibits (2) and (3).)

6

**PRAYER FOR RELIEF**

WHEREFORE, the United States prays for the following relief:

A.    A finding that the Court enter judgment against Defendant Madan's Properties in the sum of $23,238.50;

B.    A finding that the Mortgage of the United States is a good, valid, and subsisting lien against the Property, subject only to any lien that may be held by the County Treasurer that has priority over the Mortgage as a matter of law;

C.    A finding that the United States is entitled to the foreclosure of said mortgage and the equity of redemption therein;

D.    A finding that the defendants herein named be required to set up their respective claims and liens pertaining to said real property or be forever barred from hereafter asserting the same;

E.    For an order foreclosing the equity of redemption and dower of all defendants named in this action;

F.    For an order foreclosing the judgment lien of the United States as set forth herein and determining the validity of all other claims and liens against the premises, and subjecting the premises to sale, free and clear of the liens and claims of the parties to this action, for the purpose of satisfying the claim of the United States;

G.    For a determination of the priority of liens against the Property;

H.    For an order requiring that the proceeds of the sale of the Property, after proper court costs, be distributed among the owners and holders of liens against said property in the order of priority thereof as determined by the Court;

I.  That, in the event sale proceeds of a potential sale of the Property upon foreclosure are insufficient to pay the Plaintiff's claim, a deficiency judgment be awarded against Defendant Madan's Properties;

J.  For costs incurred by Plaintiff in this action; and

K.  For all further and proper relief, both legal and equitable, to which the parties hereto may be entitled.

MICHELLE M. BAEPPLER
First Assistant United States Attorney


*s/ Guillermo J. Rojas*
Guillermo J. Rojas (OH: 0069882)
Elizabeth A. Deucher (OH: 0095442)
Assistant United States Attorneys
Four Seagate, Suite 308
Toledo, Ohio 43604-2624
419-259-6376 (PH)
419-259-6471 (FAX)
Guillermo.Rojas@usdoj.gov
Elizabeth.Deucher@usdoj.gov

Attorneys for United States